**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| | ) | |
| ZHENLI  YE GON, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-1308 (RWR) |
| | ) | |
| ALBERTO GONZALES, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO ZHENLI YE GON'S**
**<u>URGENT PETITION FOR WRIT OF HABEAS CORPUS</u>**

The respondents, through the undersigned attorneys, Kenneth A. Blanco, Chief and Paul
Laymon and Wanda Dixon, Trial Attorneys of the Narcotic and Dangerous Drug Section,
Criminal Division, United States Department of Justice, hereby file this response in opposition to
petitioner's "Urgent Petition for Writ of Habeas Corpus."  Petitioner asserts that he is "now being
illegally detained," and asks this Court to order his "immediate, unconditional release from an
abusive incarceration before any possible irreparable consequences occur."  Petition 1-2.  He
further asks that the respondents be "restrained from re-arresting, or extraditing [him] from the
United States into Mexico, or any third country."  *Id.* at 15.  This Court should decline to
entertain petitioner's motion or should deny the motion because petitioner currently is detained
solely by order of a United States Magistrate Judge based on his arrest and indictment on federal
criminal charges in another case in this district.  To the extent that petitioner seeks to
preemptively attack extradition proceedings that may arise in federal court at some future date,
petitioner's motion is premature and the Court should find that this case is not yet ripe for
adjudication and should dismiss it.

In support of its opposition, the Government states:

I.    Background

    A.  The Instant Petition

On July 25, 2007, petitioner filed the "Urgent Petition" in this case.  He alleges that his arrest in the United States was unlawful, Petition 2, and that corrupt Mexican law enforcement authorities have fabricated evidence of his involvement in drug trafficking and engaged in abusive conduct toward him and his family members and associates, *id.* at 2, 5-8.  He names as respondents the Attorney General of the United States, the Administrator of the Drug Enforcement Administration (DEA), the superintendent of the facility where he is detained and unidentified DEA "field agents" and accuses them of assisting the efforts of the allegedly corrupt foreign officials by arresting and detaining him.  *Id.* at 2-3.  Petitioner asserts that this Court has jurisdiction over the case pursuant to 28 U.S.C. § 2241(c)(3) (extending the writ of habeas corpus to prisoners "in custody in violation of the Constitution or laws or treaties of the United States"), and he alludes to constitutional and civil rights violations arising from his detention by briefly referencing U.S. Const. amend. IV, V, VI, VIII and XIV, as well as Title 18 U.S.C. §§ 241, 242 and Title 42 U.S.C. §§ 1983, 1985.  *Id.* at 4.  Ultimately, however, the grievance underlying the petition is the possibility of his extradition to Mexico where, he asserts, he will be subject to retaliatory persecution for political reasons, sham prosecution, torture and possibly assassination.  *Id.* at 2, 7-8, 10.  He asks this Court to grant habeas relief releasing him from detention and preventing his extradition to Mexico.

B.  The Facts Underlying Petitioner's Arrest and Detention

Petitioner was arrested on July 23, 2007 pursuant to a federal warrant issued in this district on June 15, 2007 and the underlying Criminal Complaint that charged him with conspiracy to aid and abet in the manufacture or distribution of 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, intending and knowing that it would be unlawfully imported into the United States from Mexico and elsewhere (18 U.S.C. § 2; 21 U.S.C. §§ 959, 960, 963).  *United States v. Zhenli Ye Gon,* Crim. 07-cr-181-EGS (District of Columbia), Doc. 1-2.  Petitioner's initial appearance (Fed. R. Crim. P. 5) occurred on July 24, 2007, and a magistrate judge ordered him detained temporarily pursuant to 18 U.S.C. § 3142(d), (f).  Doc. Minute Entry 7/24/2007.  The magistrate judge scheduled the preliminary and detention hearings for August 3 before Magistrate Judge Kay.  *Id.*

On July 26, a grand jury in this district returned a one-count Indictment against petitioner. The Indictment alleged conspiracy to aid and abet in the manufacture of 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine (18 U.S.C. § 2; 21 U.S.C.§§ 959, 960, 963) and included a forfeiture allegation (21 U.S.C. §§ 853, 970).  Doc. 3. At the August 3 detention hearing, Magistrate Judge Kay ordered petitioner detained without bond pending trial pursuant to 18 U.S.C. 3142(e).  Doc. Minute Entry 8/3/2007.  In a subsequently issued Detention Memorandum, Doc. 6, Magistrate Judge Kay set forth the factual underpinnings for his ruling.  First, under 18 U.S.C. § 3142(e), petitioner's indictment for a controlled substances offense punishable by at least 10 years' imprisonment gave rise to a rebuttable presumption that "no pretrial release condition or combination of conditions may be

imposed to assure his future presence in court or to reasonably assure the safety of the

community." Doc. 6, p.3. Magistrate Judge Kay considered the factors specified at 18 U.S.C.

§ 3142(g) and concluded, in pertinent part, that petitioner failed to rebut the presumption because

of the seriousness of the offense, the fact that methamphetamine is "a dangerous and illegal

substance that causes violence in cities and towns across the United States" and the fact that

petitioner's lack of legal immigration status in the United States, lack of ties to this community

and "apparent access to large amounts of cash . . . make him a substantial risk of flight." Doc. 6,

p. 4.

Petitioner remains detained pursuant to Magistrate Judge Kay's order. Contrary to

petitioner's allegations, he is not detained for purposes of extradition to Mexico.

Argument

A.    Petitioner  must challenge his detention order pursuant to the provisions of the Bail
      Reform Act of 1984.

Petitioner has been detained without bond, pursuant to the provisions of the Bail Reform

Act of 1984, 18 U.S.C. § 3141, *et seq.,* pending criminal prosecution in the United States in case

07-cr-181-EGS.[1] Detention is based on the magistrate judge's finding "by clear and convincing

evidence that no condition or combination of conditions can be imposed to reasonably assure the

safety of the community [and] by a preponderance of the evidence that no condition or

combination of conditions can be imposed that would assure [petitioner's] appearance at future

---

[1] The government presumes that petitioner is challenging the existing detention order
issued by Magistrate Judge Kay, although he filed this case prior to indictment and entry of the
order and he makes no reference to the Bail Reform Act considerations underlying the order. To
the extent that petitioner challenges his initial detention, ordered in accordance with 18 U.S.C.
§ 3142(d), (f), such challenge would be moot in light of the detention order subsequently issued
pursuant to 18 U.S.C. § 3142(e).

court proceedings." 07-cr-181-EGS Doc. 6, p.5; *see* 18 U.S.C. § 3142(e). Petitioner's detention thus is unrelated to any potential extradition to Mexico and does not implicate his allegations about Mexican law enforcement corruption. If petitioner believes that his allegations somehow bear on his detention pending prosecution in case 07-cr-181-EGS, then he should seek revocation, amendment or appeal of the detention order in that case pursuant to 18 U.S.C. § 3145. *See, e.g., United States v. Pipito,* 861 F.2d 1006, 1009 (7ᵗʰ Cir. 1987) (reviewing post-conviction challenge to pre-trial detention order, and holding that district court did not err in refusing to entertain detention order challenge under habeas provisions of 28 U.S.C. § 2241 where defendant had not followed the review procedures of 18 U.S.C. § 3145).

Indeed, at least one federal appellate court indicated that it would not countenance challenges to detention orders by means of habeas proceedings. In *Fassler v. United States,* 858 F.2d 1016, 1017 (5ᵗʰ Cir. 1988), the Court reviewed the district court's denial of habeas relief with respect to a detention order challenge. The habeas motion had alleged that the magistrate judge who entered the order was not impartial, that the detention order was used to coerce a guilty plea, that the evidence was insufficient with respect to certain facts underlying the order, and that the order unduly burdened the defense preparation. *Id.* Although the Fifth Circuit declined to find that the defendant had abused the writ by pursuing the "novel" habeas claim, it stated:

> Similar indulgences will not be afforded criminal appellants in the future. Fassler's maneuver in most cases that we can conceive will result in duplication of effort by the courts and government with no obvious benefit to be gained by the defendant. The moral of this opinion should be clear: defendants have the responsibility to appeal pretrial detention orders promptly, and we, the courts have an equal responsibility to adjudicate them promptly.

*Id.* at 1019.  In this case, petitioner should not be allowed to circumvent the established

procedures for review of a magistrate judge's detention order merely by asserting that the

underlying proceedings arise in the context of extradition and involve the inappropriate influence

of U.S. government officials by allegedly corrupt foreign officials.

This Court therefore should decline to entertain the petition and should allow the criminal

case to progress without interference.  Petitioner can raise his concerns in that forum to the extent

they are pertinent to his detention under 18 U.S.C. § 3142(e) or to prosecution of the federal

criminal charges.  Should this Court entertain the petition, it should deny it and not disturb the

detention order that was entered in the criminal case to ensure petitioner's continued appearance

in court and the safety of the community.

      B.    <u>Petitioner's extradition challenge is not ripe for adjudication and this Court should dismiss it.</u>

Any challenge that petitioner raises at this time with respect to anticipated extradition

proceedings is premature.  The Court must decline to consider cases that are initially subject to

agency action and that are not "ripe" for judicial review.  As the Supreme Court has observed:

> Ripeness is a justiciability doctrine designed to prevent the courts, through
> avoidance of premature adjudication, from entangling themselves in abstract
> disagreements over administrative policies, and also to protect the agencies from
> judicial interference until an administrative decision has been formalized and its
> effects felt in a concrete way by the challenging parties.

*National Park Hospitality Ass'n v. Dep't of the Interior,* 538 U.S. 803, 807-08 (2003) (internal

quotation marks and citations omitted).  To determine ripeness, a court evaluates "(1) the fitness

of the issues for judicial decision and (2) the hardship to the parties of withholding court

consideration."  *Id.* at 808 (internal citation omitted); *see also Public Citizen v. Dep't of State,*

276 F.3d 634, 641 (D. C. Cir. 2002). Both the requirement of a case or controversy under U.S.

Const. art. III, § 2 and prudential concerns about unnecessarily deciding constitutional issues may

inform the court's evaluation of ripeness. *See National Park Hospitality Ass'n,* 538 U.S. at 808.

Generally, "[a] case is ripe when it presents a concrete legal dispute and no further factual

development is essential to clarify the issues, and there is no doubt whatever that the challenged

agency practice has crystallized sufficiently for purposes of judicial review." *Public Citizen,* 276

F.3d at 641 (internal quotation marks and citations omitted). Even when a plaintiff presents a

"predominantly legal" claim, a court should avoid "what amounts to shadow boxing[, and] if a

plaintiff's claim . . . depends on future events that may never come to pass, or that may not occur

in the form forecasted, then the claim is unripe." *Devia v. Nuclear Regulatory Comm'n,* ___ F.3d

___, 2007 WL 1814948, Nos. 05-1419, *et al.* (D.C. Cir. Jun. 26, 2007) (quoting *McInnis-*

*Misenor v. Maine Medical Ctr.,* 319 F.3d 63, 72 (1st Cir. 2003)). Because no extradition

proceedings are pending in any court and petitioner therefore has not been detained in any such

proceedings, his habeas claim is not ripe for this Court's consideration and should be dismissed.

Commencement of an international extradition matter is governed by the terms of an

extradition treaty between the United States and a foreign government. The process begins as a

wholly diplomatic matter and is initially subject to internal review procedures of the Department

of State and the Department of Justice. *See Extradition Treaty Between the United States of*

*America and the United Mexican States,* May 4, 1978, art. 10 ¶1, U.S.-Mex., 21 U.S.T. 5059

("The request for extradition shall be made through the diplomatic channel."). Following such

review, an extradition case proceeds to court "upon complaint made under oath, charging any

person . . . with having committed within the jurisdiction of [a] foreign government any of the

crimes provided for by [an extradition] treaty or convention[.]" 18 U.S.C. § 3184.  At that time,

a federal justice, judge or magistrate judge may "issue his warrant for the apprehension of the

person so charged, that [the person] may be brought before such [court] to the end that the

evidence of criminality may be heard and considered." *Id.*  If the court determines that the

government has presented sufficient evidence to establish the defendant's foreign criminal

conduct, the case is certified to the Secretary of State for consideration of the issuance of a

surrender warrant.  *Id.*  The court may order detention of the person for a limited time pending his

surrender to the foreign government.  *Id.;* 18 U.S.C. §§ 3186, 3188.

     The Treaty between the United States and Mexico also allows for a defendant's

"provisional arrest," a process that also commences by means of a request through diplomatic

channels.  *See Extradition Treaty* at art. 11.  Through this process, the United States may

commence a case in court to secure an individual's arrest and detention prior to the submission of

a formal extradition request.  The Treaty establishes a 60-day limitation on the provisional arrest

period if no formal request for extradition, with supporting documents, has been filed by that

time.  *Id.*

     In extradition matters, there is no appellate review of the Secretary of State's decision, but

a person whom the Secretary has determined is subject to extradition may collaterally attack the

Secretary's decision.  *See, e.g., Demjanjuk v. Meese,* 784 F.2d 1114 (D.C. Cir. 1986) (petitioner

sought habeas review and stay of execution of a surrender warrant); *see also LoBue v.

Christopher,* 82 F.3d 1081 (D.C. Cir. 1996) (habeas corpus relief in venue of detention, rather

than declaratory judgment, is appropriate action when challenging constitutionality of extradition

statutes and seeking injunction to prevent carrying out extradition); *cf. Ward v. Rutherford,* 921

F.2d 286 (D.C. Cir. 1990) (considering "writ of prohibition" with respect to whether magistrate judge could hear initial extradition complaint). When, as in this case, there are no extradition proceedings pending in court, a challenge to extradition cannot be ripe for review, and, further, habeas jurisdiction cannot rest on a detention order unrelated to extradition proceedings.

C.    Conclusion

WHEREFORE, for the foregoing reasons, this Court should not entertain petitioner's motion that seeks to vacate the detention order entered in case 07-cr-181-EGS. The record establishes that there is no reason to allow petitioner to circumvent the review procedures established in the Bail Reform Act. Alternatively, this Court should deny the motion because the detention order was entered lawfully in the criminal case after due consideration of the relevant facts and proper application of the statute and because there is no existing detention pending extradition for the court to consider.

Respectfully submitted,

KENNETH A. BLANCO,
Chief

_____/s/_____
Wanda J. Dixon
Paul Laymon
Trial Attorneys
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice
1400 New York Avenue, rm 8414
Washington, DC 20005
202-307-0377

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ZHENLI  YE GON, | ) |
| | ) |
| Petitioner | ) |
| | ) |
| v. | )    Civil Action No. 07-1308 (RWR) |
| | ) |
| ALBERTO GONZALES, et al., | ) |
| | ) |
| Respondents. | ) |

## <u>ORDER</u>

Based on the Petitioner's Petition for Writ of Habeas Corpus, the Respondents'

Opposition thereto, and the relevant points and authorities cited therein, the Petitioner's request

is hereby DENIED.

IT IS SO ORDERED.


Date:_____          _____

                                The Honorable Richard W. Roberts
                                United States District Judge