IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Zhenli Ye Gon | ) |
| | ) |
| Petitioner | ) |
| | ) |
| | ) File: 07-181 |
| | ) The Hon. Richard W. Roberts |
| – against – | ) |
| | ) |
| Alberto Gonzales, et al | ) |
| | ) |
| Respondents | ) |

PETITIONER'S RESPONSE TO RESPONDANT'S OPPOSITION

Government, in its Opposition to Writ, argued that an extradition, as Petitioner's major concern triggering this Petition for Habeas was not ripe because the government has not yet raised the extradition request yet. Therefore, the Petition for Writ of Habeas corpse should be dismissed.

Government's argument that the extradition issue is not ripe is both misleading and erroneous. On July 25, 2007, one day after this Petitioner was illegally detained by the U.S. Government, and a day before the Federal Grand Jury returned with Indictment, the U.S. DHS officials, apparently under the urge of U.S. prosecutors, coerced this Petitioner to sign a Form I-826, without the presence of his defense counsels, which placed this Petitioner under the immigration Deportation proceedings, even though this Petitioner had not violated any immigration law, neither had he violated his non-immigrant status. The government's demonstrated attempt to deport this petitioner to his country of citizenship: Mexico via immigration removal proceedings serves the same explicit purpose of extradition of this Petitioner into the State of Mexico.

Therefore, Government's argument that the conditions in support of the Petition for Writ are not ripe concerning the fact that the Government has not yet started "extradition" proceedings, fails for its truth. The U.S. Government has already started the proceedings of "extradition" by way of administratively convenience: immigration

deportation into Mexico. The Deportation proceedings are now withholding simply because the Government has secured the Petitioner to stay incarcerated in jail for pretrial detention without bail. Should the Petitioner's were set for bail by U.s. District Court, he would immediately picked up by the Immigration and Customs Enforcement detention officials, and transferred into immigration detention facilities, awaiting the deportation into Mexico, a simplified "extradition" proceedings, now looming over the petitioner.

Therefore, the petitioner's pending "deportation into the state of Mexico", a transfigured form of "extradition" based upon Immigration and Nationality Act has rendered the Government's argument on "ripeness" an invalid rebuttal.

The government's Opposition against granting the Petitioner with the relief under the writ of Habeas Corps should be denied. It is true that the Urgent Petition for Habeas was filed under the circumstances that the Petitioner was arrested and detained in response to a growing pressure from a corrupted foreign power, and one of primary purposes is to using this mechanism of constitutional protection to prevent any irreparable damage threatening the petitioner's life by way of extradition or deportation of the petitioner into State of Mexico to patronizing such corrupted dictator as President Felipe Carderon, the one allegedly took the office by corruptive practice.

Petitioner's efforts to seek for relief under habeas corpus appears appropriate given to the following circumstances:

1. Petitioner was held in Federal Pretrial Detention without bail when he should be presumed innocent, and he is actually innocent from government's sole, and completely unsupported, speculative charge of the offense: conspiring with the unknown to knowingly aid and abet the latter for illegal importation or trafficking of methamphetamine into the United States;

2. Such continuing detention is illegitimate and unconstitutional in the eyes of traditional principles of Habeas corps, the ancient, mostly unpolluted English common law heritage of Bill of Rights incorporated into the body text of this nation's Constitution, because:

A. Government has not thus far produced, or presented with any single piece of incriminating evidence in substantiate all its criminal charges, even though the jointly held, and seriously tainted, fishing trip for the petitioner's alleged "illegal drug trafficking" has been in place since 18 full month before;

B. The U.S. Government knew and should have known that the origin of the pending criminal charge has been infected with the lethal epidemic of frauds, lie, corruption and murders, and the whole charge was degraded for being highly politicized;  Government was repeatedly debriefed with such information of fraud and abuses;

C. Government has illegally, and unethically, circumvented all constitutional protection mechanism by manipulating the Federal Grand Jury Indictment Process by not only defrauding the Grand Jury, but it did not even give the Petitioner an opportunity to answer questions to the Grand Jury.  From this instant case, we can see that the Grand Jury proceedings, which was originally designed for protection of criminal defendants constitutional rights has now fallen to the bottom of becoming an instrument for the prosecution to by-pass all constitutional protection originally offered to Defendants for protection of his/her civil liberty against the government's abuse in color of law.

D. Government has committed "Fraud upon the Court" by turning out the unsigned "Grand Jury Indictment";
E. Several proceeding on Federal criminal trials part did not change the inherent nature of this unlawful detention: Petitioner was not held for custody for his charged guilt, but for government's administrative convenience sought to patronizing an incurably corrupted foreign power.  That is not  a valid reason to deprive civil liberty against this Petitioner.

F. Government's incriminating evidence concerning any drug trafficking in any other countries, much less in the United States, if any, has been collapsed for its incurable flaw of fraud;

  G. Government has never met the minimum standard for probable cause to arrest and detain the Petitioner in absolute absence of any probative evidence, or in knowing fraud and perjury against the Petitioner;

  H. While overdrawing from the Mexican Bank of fraud and perjury, the Government had the bold to answer all questions raised by the Federal Court with an affirmative "yes", concerning whether or not the Government possessed any evidence in support of its criminal charges against this Petitioner, particularly with the charge of illegal drug trafficking inside the United States, any other means of bailing the Petitioner out of both pretrial criminal detention and/or followed with jail in connection with deportation purpose, the conditions for Habeas corpse proceedings is ripe.

  I.
3. About this issues in response to Bail Reform Act, the counsels for the Petitioner in Federal Criminal Proceedings, have fully addressed, the petitioner does not have to repeat it. The Pretrial Detention under the Petitioner was unlawful, and unconstitutional, concerning the fact that all illegal drug charges against the petitioner appears a frivolous charges without support of evidence.

4. Under the circumstances, the avenue of Habeas Corpse is appropriate because this is the summary proceedings as set forth an integral part of this Great Nation's Constitution itself. Consequently, it is the province which has been least derogated, or least polluted area of law reflecting relatively pure value of the Anglo-American heritage of Bills of Rights.

ARGUMENT

The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and … the traditional function of the writ is to secure release from illegal custody" (Blackstone, Commentaries on the Laws of England 132—133 (1765).

This Petitioner is being held for pretrial detention without just cause. A mere prosecutor's allegation of having committed serious crimes without supporting evidence, or based upon fraudulent evidence is itself not a just cause for depriving the defendant's liberty.

Petitioner is actively seeking for relief under the Constitutional legal framework of Habeas Corpus because it is a great prerogative writ known to the common law for the liberation of those who may be imprisoned without lawful cause. It is in the nature of a writ of error to test the legality of the commitment. <u>In re Keeler</u>, Fed. Cas. No. 7,637 [1 Hemp. 306], <u>Ex parte Watkins</u>, 28 U.S. (3 Pet.) 201.

The Petition for Habeas Corps is termed a suit in the nature of a civil action. It has however, been said that it is, strictly speaking, neither a civil nor criminal action, but a summary remedy having for its sole object to restore liberty to one illegality held in custody; This Petition is concerning a writ of right, it does not issue as a matter of course, but only upon such allegations as, if true, would authorize the discharge of the person in custody. Simmons v. Coal Co., 117 Ga. 305, 43 S.E. 780, 61 L.R.A. 789. The issue of the writ may be regulated by statute, however, the constitutional right to it is not infringed; Miskimmins v. Shaver, 8 Wyo., 392, 58 Pac. 411, 49 L.R.A. 831.

The purpose of the writ is to determine whether the person seeking the benefit of it is illegally restrained of his liberty: In re Moyer, 36 Colo. 159, 85 Pac. 190, 12 L.R.A. (N.S.) 979, 117 Am St. Rep. 189. Granting of the Writ being sought by the Petitioner is a common-law and not an equitable remedy; Sumner v. Sumner, 117 Ga. 229. 43 S.E. 485. It's only office, except when used in ancillary proceedings, is to test the right to personal liberty: State v. Whitcher, 117 Wis. 665, 94 N.W. 787, 98 Am. St. Rep. 968.

<u>CONCLUSION</u>

In The above light, the Petitioner should be granted the Writ of Habeas Corpus instantly. To better present both parties' position, a hearing on the merits may be appropriate and hence prayed.

Wherefore, Petitioner respectfully pray that this Honorable Court grant his Petition for Writ of Habeas Corpus.   Alternative, this Honorable Court may hold a hearing allowing both parties to present evidence and oral argument for this Honorable Court to adjudicate.

Respectfully submitted,


/s/Ning Ye, Esq.

Ning Ye, Esq.   (DC Bar Number MD26804)
Counsel for Defendant
932 Hungerford Drive, #16B
Rockville, MD 20850
301-641-7345
Email: ynyale@aol.com

CERTIFICATE OF SERVICE

On this 10th day of September, 2007, I electronically filed the Response to the Respondent's Opposition with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following addressee:

Paul Laymon, Esq.

U.S. Dept. of Justice

1400 New York Avenue, NW, 8th floor

Washington, DC 20530

Ning Ye, Esq.   (DC Bar Number MD26804)
Counsel for Defendant
932 Hungerford Drive, #16B
Rockville, MD 20850
301-641-7345

Email: ynyale@aol.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Zhenli Ye Gon | ) |
| | ) |
| Petitioner | ) |
| | ) |
| | ) File: 07-181 |
| | ) The Hon. Richard W. Roberts |
| – against – | ) |
| | ) |
| Alberto Gonzales, et al | ) |
| | ) |
| Respondents | ) |

\* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

    The Court having considered the Petitioner' Petition for Writ of Habeas Corpus concerning this instant case, and having determined that good cause exist to grant this Petition.   It is hereby ordered the

    It is so ORDERED on this _____ day of _____, 200__ .

_____
**JUDGE:**