UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                )
ZHENLI YE GON,                  )
                                )
          Petitioner,           )
                                )
          v.                    )   Civil Action No. 07-1308 (RWR)
                                )
ALBERTO GONZALES, et al.,       )
                                )
          Respondents.          )
_____ )

MEMORANDUM OPINION

Petitioner Zhenli Ye Gon filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 to seek immediate release from custody in a pending criminal action and to prevent the government from extraditing or deporting him back to Mexico.  Gon claims that he is being detained without probable cause and faces wrongful extradition or deportation.  The government opposes Gon's habeas petition.  Because Gon's challenge to his detention is properly made in his pending criminal proceeding and his challenge to extradition or deportation is not ripe, his petition will be dismissed.

BACKGROUND

Gon, a citizen of Mexico (Pet. for Writ of Habeas Corpus ("Pet.") at 2), was arrested and indicted in this district for conspiracy to manufacture 500 grams or more of methamphetamine, intending and knowing that it would be unlawfully imported into the United States from Mexico and elsewhere.  (Gov't Opp'n to

- 2 -

Pet. for Writ of Habeas Corpus ("Opp'n") at 3.)  In his criminal
case, <u>United States v. Gon</u>, Criminal Action No. 07-181 (EGS)
(D.D.C.), Magistrate Judge Kay ordered Gon to be detained without
bond under the federal bail statute, 18 U.S.C. § 3142.  (<u>Id.</u>)
Gon denies all involvement in a drug conspiracy, asserts that he
is a victim of false claims, and argues that his arrest and
detention are unlawful.  (Pet. at 2, 9.)

        Gon claims that he was forced to sign an immigration form at
the time of his arrest, and that he will be subject to
deportation or extradition proceedings.  (Pet'r Response to
Resp't's Opp'n ("Reply") at 1-2.)  If returned to Mexico, Gon
asserts, he will face life-threatening danger and persecution by
the Mexican government for political reasons.  (Pet. at 9-10.)
Gon has petitioned for a writ of habeas corpus seeking immediate
release from detention and seeking to prevent the government from
deporting or extraditing him to Mexico.  The government opposes
his petition claiming that the defendant must challenge his
detention as provided by the federal Bail Reform Act of 1984 and
that his extradition claim is not ripe.

<u>DISCUSSION</u>

I.    DETENTION

        "If a person is ordered detained by a magistrate judge,
. . . the person may file, with the court having original
jurisdiction over the offense, a motion for revocation or

- 3 -

amendment of the order." 18 U.S.C. § 3145(b). Thereafter, "[a]n appeal from a . . . detention order, or from a decision denying revocation or amendment of such an order, is governed by the provisions of section 1291 of title 28" which discusses appellate jurisdiction over final decisions of district courts. 18 U.S.C. § 3145(c).

For pretrial detainees like Gon, habeas corpus relief is not necessarily available when the pretrial detention order can be challenged under § 3145. See Alden v. Kellerman, 224 Fed. Appx. 545, 547 (7th Cir. 2007) (noting that in order for relief under § 2241 to be available, "a federal pretrial detainee must first exhaust other available remedies[,]" which includes remedies under § 3145); Chandler v. Pratt, 96 Fed. Appx. 661, 662 (10th Cir. 2004) (stating that because the petitioner was pursuing the same claims in his criminal action, the habeas corpus petition was properly dismissed); Holland v. Gilliam, No. 91-5242, 1991 WL 150821, at *1 (6th Cir. Aug. 6, 1991) (affirming the district court's dismissal of a pretrial detainee's habeas corpus petition alleging an illegal search and seizure because the petitioner could pursue his claims in the underlying criminal proceeding); Fassler v. United States, 858 F.2d 1016, 1018 (5th Cir. 1988) (stating that the Bail Reform Act, the potential abuse of the writ of habeas corpus, and the duplication of appeals "should

- 4 -

ordinarily provide strong incentive for defendants to employ
Section 3145 appeals").

In Gon's criminal case, Magistrate Judge Kay ordered Gon to
be detained pre-trial under the federal bail statute.  The court
docket in Gon's case reflects that he is challenging the
detention order before the assigned district judge.  That is the
appropriate path for Gon to follow.  Filing this petition, by
contrast, potentially abuses the writ of habeas corpus, unduly
duplicates judicial efforts, and circumvents traditional remedies
afforded to safeguard Gon's liberty interests.

II.  EXTRADITION

A case is ripe "'when it presents a concrete legal dispute
[and] no further factual development is essential to clarify the
issues, . . . [and] there is no doubt whatever that [the issue]
has crystallized sufficiently for purposes of judicial review.'"
Pub. Citizen v. Dep't of State, 276 F.3d 634, 641 (D.C. Cir.
2002) (quoting Rio Grande Pipeline Co. v. FERC, 178 F.3d 533, 540
(D.C. Cir. 1999)) (first two alterations in original).  A claim
is not ripe "'if it rests upon contingent future events that may
not occur as anticipated, or indeed may not occur at all.'"
Worth v. Jackson, 451 F.3d 854, 861 (D.C. Cir. 2006) (quoting
Texas v. United States, 523 U.S. 296, 300 (1998)).  Ripeness
examines the "'fitness of the issues for judicial decision and
the hardship to the parties of withholding court consideration.'"

- 5 -

Worth, 451 F.3d at 861 (quoting Abbott Labs. v. Gardner, 387 U.S. 136, 149 (1967), abrogated on other grounds by Califano v. Sanders, 430 U.S. 99 (1977)).  Requiring ripeness prevents premature adjudication over abstract disputes and limits judicial interference until a decision is final and "'its effects [are] felt in a concrete way by the challenging parties.'"  Arden Wood, Inc. v. United States Citizenship & Immigration Servs., 480 F. Supp. 2d 141, 147 (D.D.C. 2007) (quoting Abbott Labs., 387 U.S. at 148-49).

Gon seeks to prevent the government from extraditing him to Mexico in the future.  He argues that his entitlement to a writ of habeas corpus is ripe because he signed an immigration form and speculates that he will be effectively extradited through a deportation proceeding if and when he is released on bail. (Reply at 1-2.)  Gon's speculation about a future extradition or deportation is contingent on multiple future events which may not occur.  He presents no legal support for the proposition that a prediction of future confinement, extradition, or deportation presents a concrete claim ripe for adjudication.  Without an

- 6 -

actual proceeding presented, the court's jurisdiction or standard of habeas review could not be known.[1]  Thus, this claim is not ripe for adjudication.

<u>CONCLUSION</u>

Gon is actively challenging the magistrate judge's pre-trial detention order in his criminal proceeding under the federal bail statute.  His deportation and extradition claims are not ripe. Thus, his petition will be denied.  An appropriate Order accompanies this Memorandum Opinion.

SIGNED this 21st day of February, 2008.

_____/s/_____
RICHARD W. ROBERTS
United States District Judge

_____

[1] The judicial review process for a removal or deportation and an extradition differ.  <u>Compare</u> <u>Ordinola v. Hackman</u>, 478 F.3d 588, 598 (4th Cir. 2007) (stating that a district court conducting "habeas review of an extradition case is subject to substantial limitations and is not free 'to rehear what the magistrate has already decided'" (quoting <u>Fernandez v. Phillips</u>, 268 U.S. 311, 312 (1925)), <u>cert. denied</u>, 128 S. Ct. 373 (2007)), <u>and</u> <u>Hoxha v. Levi</u>, 465 F.3d 554, 560 (3d Cir. 2006), <u>with</u> <u>Mancho v. Chertoff</u>, 480 F. Supp. 2d 160, 162 (D.D.C. 2007) (stating that 8 U.S.C. § 1252 "divest[s] district courts of jurisdiction in cases 'arising from' the removal orders of aliens"), <u>Sadhvani v. Chertoff</u>, 460 F. Supp. 2d 114, 124 (D.D.C. 2006) (stating that a district court cannot hear a final removal order challenge, but can still consider a challenge to prolonged detention), <u>and</u> <u>Placide v. Gonzales</u>, Civil Action No. 05-1106 (RBW), 2005 WL 1429750, at *2 (D.D.C. June 17, 2005) (stating that 8 U.S.C. § 1252 governs judicial review of a removal order and directs petitions to be filed directly with the Courts of Appeals).